IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEJEDA JOSE, | ) | |
|     Plaintiff | ) | C.A. No. 12-270 Erie |
| | ) | |
|     v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| BOBBY MEEKS, | ) | |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I     RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

**II     REPORT**

On October 31, 2012, the Clerk of Courts received a *pro se* civil rights complaint from Tejeda Jose, an inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania; however, the Complaint was not accompanied by either the required filing fee or a motion to proceed *in forma pauperis*. As a result, this Court issued a Show Cause Order, dated November 1, 2012, directing Plaintiff to either pay the filing fee of $ 350.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis* with an accompanying institutional account statement, on or before November 21, 2012, or suffer dismissal of this case for failure to prosecute. [ECF No. 2]. To date, Plaintiff has failed to comply with this Court's Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4)

whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that this case be dismissed. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 15, 2013

cc: The Honorable Sean J. McLaughlin
United States District Judge